devisee or legatee, the interest so devised is contingent on account of the person, for the reason that until the age is attained or the character is sustained or the act is performed the person is unascertained: Craige's Appeal, 126 Pa. 223; Rudy's Estate, 185 Pa. 359; Mulliken v. Earnshaw, 209 Pa. 226; Smith on Executory Interests, 281. Such is the import of all the later authorities in this state. We are obliged to hold accordingly that the interests in the surplus of the testator's estate were contingent and vested only in his children who were living when the land was sold, and the surplus thereby created.

The decree is affirmed.

## Scott's Estate (No. 2).

Argued April 14, 1908. Appeal, No. 11, April T., 1908, by William W. McBride, Administrator of Emily S. Morgan, deceased, et al., from decree of O. C. Allegheny Co., Dec. T., 1906, No. 70, sustaining exceptions to adjudication in Estate of John Scott, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

OPINION BY HENDERSON, J., October 12, 1908:

This case involves the same questions decided in the appeal of William W. McBride, administrator, etc., ante, p. 342, in which an opinion has this day been filed. For the reasons there given the decree in this case is affirmed.

## Scott's Estate (No. 3).

Argued April 14, 1908. Appeal, No. 12, April T., 1808, by William W. McBride, Administrator of Emily S. Morgan, deceased, et al., from decree of O. C. Allegheny Co., Dec. T., 1906, No. 70, sustaining exceptions to adjudication in Estate of John

Scott, deceased.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

OPINION BY HENDERSON, J., October 12, 1908:

This case involves the same questions decided in the appeal of William W. McBride, administrator, etc., ante, p. 342, in which an opinion has this day been filed.   For the reasons there given the decree in this case is affirmed.

---

## Russell v. Russell, Appellant.

*Divorce—Cruel and barbarous treatment—Mental suffering—Evidence.*

Any unjustifiable conduct on the part of either the husband or the wife which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as seriously to impair the bodily health or endanger the life of the other, or which utterly destroys the legitimate ends and objects of matrimony constitutes cruelty, although no physical or personal violence may be inflicted, or even threatened or reasonably apprehended.

To warrant the granting of a divorce on the ground of the conduct on the part of either the husband or wife, as to render the condition of the other party intolerable and life burdensome, where there is no proof of overt bodily harm actually inflicted or threatened, the evidence should be strong and convincing, the course of ill-treatment complained of must have been long continued, and of a serious character.

A divorce will be granted to a wife where the evidence shows that the husband treated the libelant as a menial in the presence of servants, asserted that she was under the influence of designing and wicked persons, circulated reports that she was of unsound mind, kept her by words and actions in constant fear that he intended to resort to legal proceedings to test her sanity and deprive her of her liberty, and generally exercised over her a continual arrogant domination, affecting her health, and rendering her life intolerable and burdensome.

Argued May 7, 1908.  Appeal, No. 202, April T., 1908, by defendant, from decree of C. P. No. 1, Allegheny Co., June T., 1903, No. 459, granting divorce in case of Maria F. Russell, by her next friend, Emma H. Russell, v. Charles T. Russell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.